1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **EASTERN DISTRICT OF CALIFORNIA**

10

11  KRISTA RENEE WILLARD, *et al*.,              )   Case No.: 1:14-cv-760--BAM
                                                 )
12                      Plaintiffs,              )   **ORDER TO SHOW CAUSE**
                                                 )
13          v.                                   )
                                                 )
14  CALIFORNIA DEPARTMENT OF                     )
    CORRECTIONS, *et al*.,                       )
15                                               )
                                                 )
16                      Defendants.              )
                                                 )
17  _____         )

18          On May 20, 2014, this Court issued an order setting a status conference in light of this case

19  being selected for assignment to a Sacramento District Judge.  Plaintiffs and their Counsel Dorinda Jo

20  Myers failed to comply with the Court's order, and did not appear at the Status Conference set for

21  August 20, 2014 in Courtroom 8 before Judge Barbara A. McAuliffe. (Doc. 7).   Appearance was not

22  excused by the Court.

23          The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

24  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

25  and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

26  inherent power to control their dockets," and in exercising that power, a court may impose sanctions

27  including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

28

(9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiffs and their counsel Dorinda Myers are **ORDERED TO SHOW CAUSE** in writing, within seven (7) days of the date of service of this Order, why they failed to participate in these proceedings and obey the orders of this Court and why sanctions, up to an including terminating sanctions, should not be imposed for their failure to appear at the Court's status conference.  Plaintiffs are further on notice that failure to timely respond to this Order to Show Cause may result in the imposition of sanctions, including a recommendation for dismissal.

IT IS SO ORDERED.

Dated:   **August 20, 2014**                       /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE