UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTA RENEE WILLARD, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>        Defendants. | Case No.: 1:14-cv-760-BAM<br><br>**ORDER AFTER SHOW CAUSE HEARING**<br><br>**ORDER DISMISSING CASE WITH PREJUDICE** |

      This Court conducted a hearing on March 3, 2016 following issuance of an Order to Show Cause to Plaintiffs and Plaintiff's counsel to determine whether and what sanctions should be imposed.

      By way of background, on May 19, 2014, Plaintiffs filed this action alleging various § 1983 violations.[1] (Doc. 2). Shortly after filing their case, on August 20, 2014, Plaintiffs failed to appear at the initial consent status conference. (Doc. 9). The Court issued an Order to Show Cause ("OSC") to Plaintiffs and Counsel Ms. Dorinda Jo Myers for their failure to appear at the hearing. (Doc. 8). Ms. Myers responded that because she is generally unfamiliar with the Court's electronic cases

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Doc. 23). For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. See 28 U.S.C. ' 636(c); Fed. R. Civ. P. 73; see also L.R. 301, 305.

1

management system she was unaware of the hearing scheduled for August 8, 2014. The OSC was discharged. (Doc. 12).

On October 31, 2014, Plaintiffs failed to file a timely opposition to Defendant's Motion to Dismiss and as a consequence the hearing on the Motion to Dismiss was vacated pursuant to Local Rule 230(c). (Doc. 26). Eleven days after the response deadline, Plaintiffs filed their opposition to the Motion to Dismiss on November 11, 2014, without any explanation for the late filing. (Doc. 27).

The next day, the Court ordered Plaintiff to show good cause for the untimely filing of the opposition by November 14, 2014. (Doc. 28). On November 17, 2014, three days after the deadline, Plaintiffs filed a declaration stating that counsel was unable to complete the motion in a timely manner due to other case obligations. (Doc. 29).

On November 13, 2015, the Court set a mandatory scheduling conference in this case for February 18, 2016. (Doc. 51). The conference was held on that day, (Doc. 54), but Plaintiffs did not appear. Counsel for Defendant appeared by telephone and advised the Court that counsel attempted to contact Plaintiffs' counsel on several occasions to prepare the joint scheduling report, but they were not able to secure Plaintiffs cooperation in doing so. (Doc. 55). Based on Plaintiffs' failure to appear for the scheduling conference and participate in the filing of the joint scheduling report the Court issued a Second Order to Show Cause why sanctions, up to and including dismissal, should not issue. (Doc. 55). The Court ordered Plaintiffs to file a written responsive declaration by February 25, 2016, and warned that failure to respond would result in the imposition of sanctions. The Court also ordered Plaintiffs and their counsel Dorinda Jo Myers to appear at the Order to Show Cause hearing on March 3, 2016. (Doc. 55).

As of the date of this Order, the Court has not received a responsive declaration from Plaintiffs. Plaintiffs also failed to appear for the Court's Order to Show Cause hearing. (Doc. 56). Based on this procedural history, the Court finds it appropriate to dismiss this case with prejudice.

**DISCUSSION**

Local Rule 110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court. District courts have the inherent power to

control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Malone*, 833 F.2d at 130; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that Plaintiffs intends to prosecute this action. The Court has consumed its scarce resources attempting to gain Counsel's and Plaintiffs' compliance with Court Rules and Court Orders. Counsel and Plaintiffs have been given multiple opportunities to comply and prosecute this action. *See Link v. Wabash R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference.) The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Prejudice further exists because five defendants have been named yet continue to be un-served in this action. The fourth factor, public

policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.

As to the last factor, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate and further waste judicial resources. Plaintiffs have failed to respond to two court orders or comply with Local Rules. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiffs an opportunity to explain the failure to appear at the hearing. As Plaintiffs failed to respond, another order requiring Plaintiffs to respond is likely to be futile. *See, e.g., Gleason v. World Sav. Bank, FSB*, 2013 U.S. Dist. LEXIS 105078, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, multiple orders from the Court have warned Plaintiffs that failure to comply with the Court's orders would result in dismissal of this case (Docs. 8, 55); thus Plaintiffs cannot maintain that the Court has failed in its "obligation to warn the plaintiffs that dismissal is imminent." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal. (Docs. 8, 55).

## CONCLUSION

Plaintiffs and Counsel were repeatedly warned that their failure to participate in the case would result in dismissal for failure to prosecute. Consequently, **IT IS HEREBY ORDERED** that:

1. This action is **DISMISSED WITH PREJUDICE** for failure to prosecute and for failure to obey Court orders;
2. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: __March 4, 2016__        /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE